## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**TIARA GOLDEN,**
*Individually, and on behalf of herself*
*and others similarly situated,*

 Plaintiff,

     v.                                 No.

**COBRA SPECIAL RESPONSE TEAM, LLC**,    **FLSA Multi-Plaintiff Action**
*a Tennessee Limited Liability Company,* and    **JURY DEMANDED**
**JOSEPH MARKEAL DANIELS,** *individually*,

Defendants.

## ORIGINAL FLSA MULTI-PLAINTIFF ACTION COMPLAINT

Plaintiff, Tiara Golden ("Plaintiff"), on behalf of herself, individually, and on behalf of herself and others similarly situated, files this Original FLSA Multi-Plaintiff Action Complaint against Defendants, Cobra Special Response Team, LLC and Joseph Markeal Daniels, individually, ("Defendants"), alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq*, including claims for unpaid overtime compensation, and alleges as follows:

### I.      INTRODUCTION

1. This is a multi-plaintiff action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Defendants on behalf of Plaintiff, individually, and on behalf of other similarly situated hourly-paid patrol drivers, who were employed by Defendants during the three (3) years preceding the filing of this Complaint.

2. Plaintiff and potential plaintiffs seek damages for unpaid overtime compensation for those

1

who have worked for Defendants as hourly-paid patrol drivers at any time within the three (3) years preceding the filing of this lawsuit.

## II.   JURISDICTION AND VENUE

3.   This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants' principal offices and headquarters are in this District and they have conducted business within this District during all relevant periods to this action.

## III.   PARTIES

5.   Defendant Cobra Special Response Team, LLC ("CSRT") is a Tennessee limited liability company with its headquarters and principal offices located at 6742 Winchester Blvd. Memphis, Tennessee 38115. Defendant CRST may be served process via its registered agent, Joseph Markeal Daniels, at its headquarters and principal offices listed above.

6.   Defendant Joseph Markeal Daniels is the principal owner and operator of CSRT and has been responsible for the implementation and administration of the Defendants' pay practices and has exercised control over Defendants' operations during all times material to this lawsuit. He may be served process at 6742 Winchester Blvd., Memphis, Tennessee 38115.

7.   Plaintiff Tiara Golden was employed by Defendants as an hourly-paid patrol driver during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Golden's Consent to Join this multi-plaintiff action is attached hereto as *Exhibit A*.

## FACTUAL BASIS FOR SUIT

8.   Defendant CSRT is headquartered in Memphis, Shelby County, Tennessee and provides

protection of assets, security, and safety services for its customers in Tennessee, Mississippi, Arkansas and Georgia.

9. Plaintiff and those similarly situated were employed as hourly-paid patrol drivers by Defendants during the three (3) year period preceding the filing of this action.

10. Defendants have had a time keeping system in which Plaintiff and those similarly situated were required to use for the purpose of recording their compensable time during the three (3) year period preceding the filing of this Multi-Plaintiff Action Complaint.

11. Plaintiff and those similarly situated typically worked in excess of forty (40) or more hours per week for Defendants during all times material to this action.

12. Defendants had a common practice of failing to pay Plaintiff and those similarly situated for all their hours worked in excess of 40 per week at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this Complaint.

13. Plaintiff and those similarly situated routinely performed work in excess of 40 hours per week without being paid for such overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this multi-plaintiff action.

14. Defendants also had a common practice of "editing-out" compensable overtime hours of Plaintiff and those similarly from their timekeeping system without paying them for such "edited-out" time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material.

15. Defendants did "edit-out" compensable overtime hours of Plaintiff and those similarly situated from their timekeeping system, without paying them for such "edited-out" time at

3

the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

16.     In addition, Defendants had a common practice of failing to pay Plaintiff and those similarly situated for the time between picking up their respective patrol vehicles at various locations and the time of their first assignment each work day at the applicable FLSA overtime compensation rates of pay within weekly pay periods - during all times material.

17.     Plaintiff and those similarly situated did pick up their respective patrol vehicles at various locations and were not compensated at the applicable FLSA overtime compensation rates of pay within weekly pay periods for such time between picking up their respective patrol vehicles at various locations and the time of their first assignment for each work day– during all times material.  (Picking-up their respective patrol vehicles at various location prior to driving such vehicles to their first assignment was their first principal work activity of their work day.)

18.     Defendants also had a common practice of communicating with Plaintiff and those similarly situated via text messages, telephone calls, group meetings, etc., prior to their first assignment of each of their work days, without paying them for such "off the clock" time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

19.     Plaintiff and those similarly situated did engage in such work-related communications prior to their first assignment of their work day without being paid for such "off the clock" time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

20.     Defendants were aware they were "editing-out" compensable time of Plaintiff and those

similarly situated without paying them for such "edited-out" time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

21.    Defendants also were aware they were working Plaintiff and those similarly situated "off the clock" without compensating them for hours between the time of picking up their patrol vehicles at various locations and their first assignments for each work day as well as "off the clock" time associated with work-related communications prior to their first assignments of each work day - at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this action.

22.    Such unpaid "edited-out" and "off the clock" claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

23.    Defendants have been the "employers" of Plaintiff and those similarly situated within the meaning of 29 U.S.C, § 203(d) and § 203(r) during all times material to this action.

24.    At all times material to this action, Plaintiff and those similarly situated have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this multi-plaintiff action.

25.    At all times material to this action, Defendants have been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA.

26.     Plaintiff and those similarly situated also have engaged in commerce during the applicable statutory period.

27.    Defendant Joseph Markeal Daniels was responsible for the implementation and

administration of the aforementioned "editing-out" and "off the clock" policies of Defendants during all times material to this action.

28.  Defendant Joseph Markeal Daniels, in his various capacities with CSRT, has engaged in commerce during the applicable statutory period.

29.  Defendants' business operations have crossed state lines within weekly pay periods during all times material to this Multi-Plaintiff Action Complaint.

30.  Defendants willfully, with reckless disregard to the FLSA overtime compensation requirements, failed to pay Plaintiff and those similarly situated for all their overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this Multi-Plaintiff Action Complaint, as previously described.

31.  Defendants do not have a good faith basis for their FLSA violations.

32.  Defendants' common practices of not compensating Plaintiff those similarly situated for all their compensable overtime hours at the applicable FLSA overtime rates of pay have violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

33.  As a result of Defendants' lack of good faith and willful failure to pay Plaintiff and potential plaintiffs in compliance with the requirements of the FLSA, Plaintiff and potential plaintiffs have suffered lost wages in terms of lost overtime compensation as well as other damages.

34.  The net effect of Defendants' common practice of failing to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this action was to unjustly enrich themselves and enjoy ill-gained profits at the expense of Plaintiff and potential plaintiffs.

## FLSA MULTI-PLAINTIFF ACTION ALLEGATIONS

35.   Plaintiff brings this case as a multi-plaintiff action on behalf of herself and other similarly

situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime

compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other

damages owed.

36.   Plaintiff seeks to send notice to the following group of similarly situated current and former
employees of Defendants:

> All current and former hourly-paid patrol drivers employed by Defendants
> who were not paid one and-one half times their regular hourly rates of pay
> for all hours worked in excess of forty (40) hour per week, occurring
> anywhere in the United States within weekly pay periods during the three
> (3) years preceding the filing of this action ("potential plaintiffs"). [1]

37.   Plaintiff seeks to pursue her unpaid overtime claims against Defendants on behalf of herself

and on behalf all other similarly situated hourly-paid patrol drivers.

38.   Plaintiff and potential plaintiffs are "similarly situated" as the term is defined in 29 U.S.C.

§216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a

failure to pay Plaintiff and potential plaintiffs for all hours worked over forty (40) at one

and one-half times their regular hourly rates of pay within weekly pay periods during all

times material as required by the FLSA, and as previously described.

39.   This action is properly maintained as an FLSA multi-plaintiff action because Plaintiff is

similarly situated to potential plaintiffs with respect to Defendants' pay and compensation

practices.

40.   Plaintiff also is similarly situated to potential plaintiffs in that their "edited-out" and "off

the clock" unpaid wage claims, as previously described, are unified through common

---

[1] Plaintiff reserves the right to amend the Multi-Plaintiff Description upon the discovery of
additional facts.

theories of Defendants' FLSA violations.

41.    The multi-plaintiff action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to plaintiffs. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of plaintiffs to protect their interests.

42.    Plaintiff will fairly and adequately protect the interests of potential plaintiffs as her interests are in complete alignment with those of potential plaintiffs, i.e., to pursue their unpaid overtime compensation claims.

43.    Counsel for Plaintiff will adequately protect her interests as well as the interests of all potential plaintiffs.

44.    Defendants knew Plaintiff and potential plaintiffs performed work in excess of forty (40) hours per week within weekly pay periods that required overtime compensation to be paid. Nonetheless, they operated under a common practice to deprive Plaintiff and potential plaintiffs of such overtime compensation.

45.    Defendants' conduct, as alleged herein, was willful with reckless disregard to established FLSA overtime requirements that has caused significant damages to Plaintiff and potential plaintiffs.

46.    Defendants do not have a good faith basis for their failure to compensate Plaintiff and potential plaintiffs for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

47.    Therefore, Defendants are liable to Plaintiff and potential plaintiffs under the FLSA for failing to properly compensate them for their unpaid overtime.

48.     Plaintiff requests this Court to facilitate notice to potential plaintiffs and inform them of the pendency of his action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, as well as liquidated damages, under the FLSA, and the other relief requested herein.

49.     Plaintiff estimates there are more than fifty (50) potential plaintiffs to this action. The precise number of potential plaintiffs can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents.

50.     The unpaid overtime claims of Plaintiff and potential plaintiffs may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

51.     Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

52.     At all relative times, Plaintiff and potential plaintiffs have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq.*

53.     At all relevant times, Defendants have been "employers" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and potential plaintiffs also have engaged in interstate commerce during all times material to this action.

54.     At all relevant times, Defendants employed Plaintiff and potential plaintiffs consistent with the terms of the FLSA.

55.     At all relevant times, Plaintiff and potential plaintiffs were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

56.     Plaintiff and potential plaintiffs have been similarly situated individuals within the meaning

9

of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

57.    As a result of Defendants' common practice of working Plaintiff and potential plaintiffs over forty (40) hours per week within weekly pay periods without compensating them for all such overtime hours at one and one-half times their regular rates of pay during such weeks, as previously described, they have violated the FLSA.

58.    Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

59.    Through its actions and practices Defendants violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and potential plaintiffs for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Collective Action Complaint, as required by the FLSA.

60.    Defendants' actions were willful with reckless disregard of clearly applicable FLSA provisions.

61.    Defendants do not have a good faith basis for their FLSA violations.

62.    The unpaid overtime claims of Plaintiff and potential plaintiffs are unified through common theories of Defendants' FLSA violations.

63.    As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

64.     Therefore, Defendants are liable to Plaintiff and potential plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the Court to enter judgment on behalf of herself and potential plaintiffs and:

a) Promptly facilitate notices pursuant to 29 U.S.C. § 216(b), apprising potential plaintiffs of pendency of this action and permitting potential plaintiffs to assert timely FLS claims in this action by filing individual consents to join under 29 U.S.C. § 216(b);

b) Award Plaintiff and potential plaintiffs all unpaid overtime compensation against Defendants;

c) Award Plaintiff and potential plaintiffs liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and potential plaintiffs reasonable attorney's fees and all costs, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Find and declare that Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

h) Allow Plaintiff to further amend her Multi-Plaintiff Action Complaint, if necessary, as new facts are discovered; and

i) Provide additional general and equitable relief to which Plaintiff and potential plaintiffs may be entitled and any further relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: August 9, 2023.                    Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
James L. Holt, Jr. (TN BPR #12123)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON, SHIELDS, YEISER, HOLT
OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jholt@jsyc.com*
*jleatherwood@jsyc.com*


***ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED***